**UNITED STATES of America,
Appellee,**

v.

**LORSON ELECTRIC COMPANY,
INC., Appellant.**

**No. 720, Docket 72–1584.**

United States Court of Appeals,
Second Circuit.

Submitted April 16, 1973.

Decided April 30, 1973.

William J. Block, New York City, for appellant.

Whitney North Seymour, Jr., U. S. Atty. S. D. N. Y., Stanley H. Wallenstein and Joseph P. Marro, Sp. Asst. U. S. Attys., Milton Sherman, Asst. U. S. Atty., for appellee.

Before CLARK, Associate Justice,* and WATERMAN and FEINBERG, Circuit Judges.

PER CURIAM:

Lorson Electric Company, Inc. appeals from a decision of the United States District Court for the Southern District of New York, Charles M. Metzner, J., granting the Government's motion for summary judgment. During 1962, the Internal Revenue Service made two assessments against Industrial Builders, Inc. (the taxpayer) for unpaid federal unemployment taxes. The tax liabilities were recorded on March 9, 1962 and July 20, 1962, in the office of the District Director for Puerto Rico on Form 899, "Certificate of Assessments and Payments." The Service filed a "Notice of Federal Tax Lien" for the respective assessments in the United States District Court for the District of Puerto Rico on May 11, 1962 and October 8, 1962. On October 29, 1962, Lorson obtained a default judgment in the same district court against the taxpayer in the sum of $207,589, and subsequently successfully levied on its property. The Government brought this action to foreclose its two tax liens on property of the taxpayer in possession of Lorson. We affirm.

Lorson's sole argument is that no valid prior federal tax lien has been established because the Government failed to prove a demand for payment of the tax, which 26 U.S.C. § 6303(a) requires. We disagree. Each filed Notice of Federal Tax Lien stated that there had been a "demand for payment" of the tax due. Moreover, Form 899 recites a "1st Notice" on a specified date with respect to each assessment. Representations in a Form 899 Certificate of Assessment have been held in another context to be "presumptively correct." United States v. Strebler, 313 F.2d 402, 403 (8th Cir. 1963). Lorson responds that although these recitations might constitute proof that the *notice* required by section 6303(a) was sent to the taxpayer, they are insufficient to evidence the equally critical making of a *demand.* This exalts form over substance. The language

* Retired Associate Justice of the United States Supreme Court, sitting by designation.

**556**

of section 6303(a) [1] shows that notice and demand are inextricably coupled. If Form 899 is competent to show that notice was sent, it seems entirely proper to infer, as did Judge Metzner, that such notice included a demand for payment as a matter of course. In fact, not long after the date of "1st Notice" of the first assessment (as indicated by Form 899) the taxpayer did make two payments, which reduced the amount due. On this record, the Government met its burden of proof.[2]

Affirmed.

1. That section provides in part:
   [T]he Secretary or his delegate shall . . . give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.

2. On this view of the case, we need not consider the Government's contention—alternatively relied on by Judge Metzner—that even if demand had not been established, this failure can be raised in defense only by the taxpayer, not by a third party like Lorson.