Bernice M. GENTRY; Charles F.
Gentry, Plaintiffs–Appellants,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 91–6120.

United States Court of Appeals,
Sixth Circuit.

Argued April 2, 1992.

Decided April 24, 1992.

Donald E. Dawson, Ray & Housch, Nashville, Tenn. (argued and briefed), for plaintiffs-appellants.

Josh Eagle, Gary R. Allen, Acting Chief (briefed), William S. Estabrook, Patricia Bowman (argued), U.S. Dept. of Justice, Appellate Section, Tax Div., Washington, D.C., Jerry G. Cunningham, U.S. Atty., Office of the U.S. Atty., Chattanooga, Tenn., for U.S.

Before: MERRITT, Chief Judge;
MARTIN and SILER, Circuit Judges.

MERRITT, Chief Judge.

The question before us is whether a federal income tax assessment made pursuant

to 26 U.S.C. § 6203 and 26 C.F.R. 301.6203–1[1] is proper and thus permits the Internal Revenue Service to initiate procedures to enforce and collect taxes due. The purposes of the statute and regulations are to insure that a proper record is kept in order to avoid slipshod tax accounting practices and to insure that taxpayers may receive a summary of tax records pertaining to their tax liability. We hold that the IRS has complied with the governing statute and regulations in making the assessment.

Plaintiffs, a married couple, filed joint tax returns for the 1981 and 1982 tax years. The couple claimed that they had no taxable income for 1982 and submitted the return for that year with an annotation that the return was "for information only." The IRS disagreed and determined that a frivolous return had been filed. Under I.R.C. § 6702, the couple was assessed a civil penalty, which was upheld by the District Court. *See Gentry v. United States*, 84–2 U.S. Tax Cas. (CCH) ¶ 9992 (E.D.Tenn. 1984).

Soon thereafter, an IRS audit of the plaintiffs' tax return for 1980 through 1982 followed, with deficiencies noted against the couple for 1980 and 1981 and against the husband only for 1982. The plaintiffs' petition to the Tax Court for redetermination of the deficiencies was dismissed for failure of prosecution, and the assessments, totaling $43,366.87, were accordingly upheld.

The IRS Memphis Service Center compiled various records concerning the plaintiffs' tax history. One of these records, known as a summary record of assessments, was generated by computer on December 6, 1986 and was signed by an assessments officer in Memphis. Notice of the assessments and a demand for payment were mailed to the plaintiffs on December 8, 1986. A final notice was sent two months later; when no payment was forthcoming, the IRS dispatched a second final notice and a notice of intent to levy the plaintiffs' property on May 15, 1987. When the plaintiffs failed to respond, a notice of federal tax lien was filed against the husband for his 1982 tax deficiency. Another tax lien was also filed against the couple for their joint tax deficiencies of 1980 and 1981.

Acting under the authority of the tax liens, an IRS agent taped a notice of seizure to the front door of the couples' home and mailed duplicate notices by regular and certified mail. After the plaintiffs challenged the notification procedures, the IRS agent mailed a notice of sale by certified mail. Sale was set for July 1989, but after the plaintiffs brought suit against the United States under 28 U.S.C. § 2410 to quiet title, and for damages for unauthorized disclosure of tax information under 26 U.S.C. § 7431, the planned sale was canceled.[2]

The sole question requiring resolution in this appeal brought by the plaintiffs is one of first impression in this Circuit. It concerns the propriety of the assessments

---

1. Section 6203 of the Internal Revenue Code provides for the method of assessment as follows:

   The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary [of the Treasury] in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

   26 U.S.C.A. § 6203 (West 1991). This argument is further defined in the Treasury Regulations:

   The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. . . .

   The date of the assessment is the date the summary record is signed by an assessment officer. If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

   26 C.F.R. § 301.6203–1 (1991).

2. The plaintiffs earlier raised an issue challenging the IRS' compliance with notice of sale procedures under 26 U.S.C. § 6335(b). The IRS has suspended the sale of the plaintiffs' house, and the parties agree that this contention is moot. *See, e.g., Garrett v. Lyng*, 877 F.2d 472, 476 (6th Cir.1989).

made against the couple by the IRS.[3] Specifically, we are asked to determine whether the District Court erred in finding that the plaintiffs had not established a *prima facie* case of improper tax assessment under procedures set forth in 26 U.S.C. § 6203 and the Treasury Regulations. The plaintiffs argue that a valid assessment does not exist because of the inadequacy of the documents provided to them by the government. We disagree.

The IRS provided plaintiffs with a copy of the summary record prepared in their case, dated December 6, 1986, and bearing the signature of an acting assessment officer in the Memphis office. Despite this document, the plaintiffs contended that the summary record is "worthless" because it fails to identify them either by name or by their Social Security numbers and because it fails to identify the background documentation supporting the assessments. They insist that only the original background and supporting documents made along with the "summary record of assessment" meet the requirement of the regulation.

The plaintiffs' arguments are inconsistent with the Treasury Regulations. The Regulations do not require the summary record to be of exacting specificity, as long as that record is backed by supporting documents providing adequate notice to the taxpayer. The notice required by the Regulations mandates that the supporting documents identify the taxpayer, establish the nature of the tax liabilities, the period of those liabilities, the date of assessment, and the amount to be assessed. *See* 26 C.F.R. § 301.6203–1.

In this case, the IRS generated another, lengthier set of documents known as a "certificate of assessments and payments." Dated October 13, 1989, the certificate identifies the plaintiffs as the taxpayers to be assessed by their names, address, and Social Security numbers. The certificate breaks down a variety of transactions, ranging from the filing of returns to pay-

ments and credits, by time periods, dates listed on the summary record, and amounts due or credited. It, too, is signed by an officer of the IRS' Memphis Service Center. Notwithstanding the plaintiffs' contentions, the certificate provides all of the specific information required by I.R.C. § 6203 and Treasury Regulation § 301.6203–1. The certificate would better enable taxpayers in the plaintiffs' position to ascertain with reasonable clarity the exact origin and nature of the assessments made against them than would be provided by a summary record form.

■■■ Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made. *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir.), *cert. denied*, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989); *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.), *cert. denied*, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984); *United States v. Miller*, 318 F.2d 637, 639 (7th Cir.1963). *See also Brewer v. United States*, 764 F.Supp. 309, 315 (S.D.N.Y. 1991); *United States v. Dixon*, 672 F.Supp. 503, 506 (M.D.Ala.1987), *aff'd per curiam*, 849 F.2d 1478 (11th Cir.1988); and *Baily v. United States*, 355 F.Supp. 325, 330 (E.D.Pa.1973). Both the certificate and the summary record were signed by IRS officers; as required by § 6203, the summary record was signed by an assessments officer. The Fifth and Eleventh Circuits have held that such a signature is a requisite for validity of assessment documents. *Brafman v. United States*, 384 F.2d 863, 866 & 867 (5th Cir.1967); *see also Chila*, 871 F.2d at 1017–18, and *Dixon*, 672 F.Supp. at 506.

The detail of the certificate augments the summary record, which as its name indicates is merely a "summary." The certificate of assessments and payments tracks the language of the regulations and statute with great precision. *Cf. Brafman*, 384 F.2d at 865–66 (since certificate was un-

---

**3.** Although this issue was raised by defendants in a earlier case in the Sixth Circuit, this question was not resolved because it was an issue raised for the first time on appeal. *United States v. Berman*, 825 F.2d 1053, 1056 n. 3 (6th Cir.1987).

signed it lacked requisites to be a valid assessment), and *Brewer,* 764 F.Supp. at 315–16 (since summary record was unsigned and certificates inadequately established date on which the summary record was signed, plaintiffs' challenge was well-founded). We therefore agree with the other courts that have considered this issue. We hold that the summary record and certificate of assessments and payments prepared by the IRS are adequate to establish a nexus between the plaintiffs and the underlying assessments under I.R.C. § 6203 and Treasury Regulation § 301.6203–1. They meet the purpose of the statute and regulation.

■ The plaintiffs also contend that they are entitled to obtain all original documents used by the IRS to prepare the summary record. They reason that only those original documents used to prepare the summary record can establish the procedural soundness of the assessments. This, however, is not the case. The Treasury Regulations specify that the taxpayer is entitled to a copy of the pertinent parts of the assessment documents. Those pertinent parts need only provide the five items listed in the Regulations. *See* 26 C.F.R. § 301.6203–1 (requiring taxpayer's name, date of assessment, character of liability, tax period if applicable, and amounts assessed). Neither the Tax Code nor the Treasury Regulations require those pertinent parts to be original documents, and the IRS has selected the certificate of assessments and payments as the means for providing the information specified. As previously noted, the Certificate here comported with the Treasury Regulations' requirements. *See generally Zolla,* 724 F.2d at 810 (although original copies of notices had been destroyed, certificates sufficed in absence of contrary evidence to establish correctness of notices and assessments), and *Dixon,* 672 F.Supp. at 505 (although original · summary record had been destroyed under routine file-clearing procedures, copy of certificate of assessments and payments held to be sufficient proof that assessments were made in accordance with the statute and regulations).

■ The plaintiffs have adduced no evidence to counter the presumptive validity of these assessments. Furthermore, the signature of an assessment officer on the summary record is required to validate that form and to verify that the assessments were correctly made, based upon the original supporting documents. *See, e.g., Brafman,* 384 F.2d at 867. We therefore conclude that the plaintiffs are not entitled to the original supporting documents used to compile the summary record.

■ The plaintiffs raise a final challenge to the certificate of assessments and payments concerning their admissibility as business records under.Federal Rule of Evidence 803(6) or as public records under Rule 803(8), as the certificate was prepared solely in anticipation of litigation. This issue was not raised to the District Court and is only now raised on appeal. Consequently, plaintiffs have shown no manifest injustice or other special considerations which merit resolution of this issue. *See, e.g., Taft Broadcasting Co. v. United States,* 929 F.2d 240, 243 (6th Cir.1991); *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 477 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990); *see also Berman,* 825 F.2d at 1056, n. 3 (court declining to address challenge to assessment documents when first raised on appeal and appeal on issue was improperly perfected).

Accordingly, the judgment of the District Court is AFFIRMED.