Martin W. RAND, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 92–CV–6215L.

United States District Court,
W.D. New York.

April 15, 1993.

Martin Rand, pro se.

Brian McCarthy, Asst. U.S. Atty., Eugene Rossi, for U.S.

## AMENDED DECISION AND ORDER

FISHER, United States Magistrate Judge.

Plaintiff, proceeding *pro se,* brought this action seeking to quiet title to his property, by having a United States Government ("Government") tax lien removed from it. Plaintiff alleges that the government failed to follow proper procedures when it levied upon his property. Plaintiff moves to compel the Government to produce copies of certain tax levy and lien notices. The government moves to dismiss the plaintiff's complaint for lack of subject matter jurisdiction, or, in the alternative, that summary judgment be granted in its favor.

This matter was originally referred to me by District Judge David G. Larimer, by order dated July 31, 1992, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). The parties subsequently executed a Consent to Proceed Before a United States Magistrate Judge on September 22, 1992, pursuant to 28 U.S.C. § 636(c).

The following constitutes my decision and order denying plaintiff's motion to compel, dismissing his complaint and granting defendant's summary judgment motion.

### I. *Background*

On April 2, 1992, the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien against the plaintiff with the Monroe

County Clerk. The government filed the lien in the amounts of its assessments made against the plaintiff on July 16, 1990, April 1, 1991 and December 16, 1991, for income tax years 1986, 1987 and 1988, respectively. *See* Statement of Undisputed Material Facts, annexed to Defendant's Motion for Summary Judgment (docket entry #4); Complaint. The plaintiff does not challenge the tax liability underlying these assessments. Complaint, ¶7. Rather, he alleges that the government "did not follow current [proper] procedures when they placed a lien/levy on his property." *Id.* After the government filed the lien, plaintiff brought this quiet title action, pursuant to 28 U.S.C. § 2410.

## II. *Discussion*

### A. Motion to Compel

■ In response to the plaintiff's first request for production of documents, the government sent plaintiff copies of the summary records of assessments made against him, and the certified mail listings showing that the statutory notices of deficiency listed in the Certificates of Assessments and Payments ("Certificates") were also sent to him. *See* Letter to plaintiff, dated August 24, 1992, annexed as Exh. 1 to Defendant's Second Response to Plaintiff's Document Request ("Second Response") (docket entry #10). Not satisfied with the certified mail listing, plaintiff moved to compel production of the actual hard copies of the notices and demands for payments. At the oral argument of these motions, held on September 8, 1992, I ordered the defendant to respond to plaintiff's request to the extent that it possessed the documents in question. The defendant filed its Second Response on September 28, 1992, in which it informed the court that the IRS did not retain hard copies of the notices and demands for payments or the notices of intent to levy.

The Federal Rules of Civil Procedure apply to discovery disputes. Rule 26(b)(1) governs the scope and limits of discovery and provides in pertinent part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Thus, "the scope of discovery under Fed. R.Civ.P. 26(b) is very broad." *Maresco v. Evans Chemetics*, 964 F.2d 106, 114 (2d Cir. 1992). The "key phrase in this definition [is] 'relevant to the subject matter involved in the pending action.'" *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978) (quoting Fed.R.Civ.P. 26(b)(1)). Relevancy has been defined for discovery purposes as "any matter that bears on, or that reasonably could relate to other matter[s] that could bear on any issue that is or may be the case." *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 389, 91 L.Ed. 451 (1947). Thus, even though the court is "to construe *pro se* complaints liberally and to apply a more flexible standard in determining the sufficiency of a *pro se* complaint than [it] would in reviewing a pleading submitted by counsel," *Platsky v. CIA*, 953 F.2d 26, 28 (2d Cir.1991), "it is relevancy of the subject matter which is the test," *In re Surety Association of America*, 388 F.2d 412, 414 (2d Cir.1967).

Under this standard, it is clear that the documents plaintiff seeks are relevant to his action. Plaintiff argues that he is entitled to copies of these notices pursuant to 26 C.F.R. § 301.6203–1. Plaintiff's Response to Answer of Defendant ("Response to Answer"), p. 2 (docket entry #6). This regulation contains the following provision:

If the taxpayer requests a copy of the record of assessment, he shall be furnished with a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character or the liability assessed, the taxable period, if applicable, and the amounts assessed.

26 C.F.R. § 301.6203–1. *See Hughes v. United States*, 953 F.2d 531, 538 (9th Cir. 1992) ("26 U.S.C. § 6203 requires, as a procedural matter, that a taxpayer be furnished

with a copy of his assessment record if he so requests"). This information is contained in "the summary record of assessment," 26 C.F.R. § 301.6203–1, copies of which were provided to plaintiff in response to his first request.

In *Gentry v. United States,* 962 F.2d 555 (6th Cir.1992), the Sixth Circuit rejected the plaintiffs' contention "that they [we]re entitled to obtain all original documents used by the IRS to prepare the summary record," and it found that the IRS' selection of certificate of assessments and payments "as the means for providing information specified" by statute and regulation complied with Treasury Regulations 26 C.F.R. § 301.6203–1. *Id.* 962 F.2d at 558. *See also United States v. Chila,* 871 F.2d 1015, 1017 (11th Cir.1989), *cert. denied,* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989) (26 C.F.R. § 301.6203–1 "is satisfied by providing any part of the records of the government that supplies the 'pertinent information' that both regulation and statute require").

I find that the government has adequately complied with plaintiff's request for documents. With respect to the copies of the actual notices and demands for taxes, the regulations clearly show that the government is not required to furnish plaintiff with these documents, nor can it be compelled to produce documents not in its possession. Accordingly, plaintiff's motion to compel is denied.

### B. Motion to Dismiss or for Summary Judgment

#### 1. *Motion to Dismiss for Lack of Jurisdiction*

The government argues that plaintiff's quiet title action cannot be maintained pursuant to 28 U.S.C. § 2410 because he failed to identify any property in his complaint that is affected by the federal tax lien. In response, plaintiff filed an amended complaint (docket entry # 7), which this court treated as a motion to amend. The motion to amend was subsequently granted on September 8, 1992. In the amendment, plaintiff sets out the description of his property located at 127 Alphonse Street, Rochester, New York, as well as the title number of his motor vehicle.

Thus, due to plaintiff's proper pleading, this prong of defendant's argument has no merit.

█ The motion to dismiss for lack of subject matter jurisdiction and on the ground of sovereign immunity is similarly denied. Plaintiff does not challenge the validity of the underlying tax assessments. Rather, he challenges the procedures used by the government when it made the assessments and levied on his property. "When the taxpayer challenges the procedural regularity of the tax lien and the procedures used to enforce the lien, and not the validity of the tax assessment, sovereign immunity is waived and the district court does have jurisdiction over a quiet title action." *Schmidt v. King,* 913 F.2d 837, 839 (10th Cir.1990). It is true that 28 U.S.C. § 2410 "does not allow a taxpayer to challenge the validity of the underlying tax assessment in district court." *Montgomery v. United States,* 933 F.2d 348, 349 (5th Cir.1991); *Arford v. United States,* 934 F.2d 229, 232 (9th Cir.1991) (same); *Brewer v. United States,* 764 F.Supp. 309, 314 (S.D.N.Y.1991) (same). But 28 U.S.C. § 2410(a) "permits a party to challenge procedural irregularities in the assessment process." *Johnson v. United States,* 990 F.2d 41, 42 (2d Cir.1993). Consequently, "the alleged failure of the IRS to assess properly or to send valid notices of assessment and demands for payment are procedural defects cognizable in a quiet title suit." *Guthrie v. Sawyer,* 970 F.2d 733, 737 (10th Cir.1992). Because plaintiff's quiet title action pursuant to 28 U.S.C. § 2410 is directed to the propriety of the procedures used, the United States has waived its sovereign immunity to be sued. *Johnson v. United States,* 990 F.2d at 42; *Kulawy v. United States,* 917 F.2d 729, 733 (2d Cir.1990); *Guthrie v. Sawyer,* 970 F.2d at 737; *Hughes v. United States,* 953 F.2d at 539; *Arford v. United States,* 934 F.2d at 232; *Montgomery v. United States,* 933 F.2d at 349. Defendant's motion to dismiss for lack of jurisdiction under 28 U.S.C. § 2410 is therefore denied.

#### 2. *Motion for Summary Judgment*

The rules applicable to summary judgment motions recently have been restated by the Supreme Court as follows:

Rule 56(c) states that a party is entitled to summary judgment in his favor "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(e) further provides:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

As we stated in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477 U.S., at 322, 106 S.Ct., at 2552. Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.,* at 323, 106 S.Ct. at 2552.

*Lujan v. National Wildlife Federation,* 497 U.S. 871, 884, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990).

Although the court must "assess the record in the light most favorable to the non-movant ..., [t]he non-movant, ..., who must sustain the ultimate burden of proof, must demonstrate in opposing a summary judgment motion that there is some evidence which would create a genuine issue of material fact." *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.,* 902 F.2d 174,

177–78 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991).

Conclusory allegations will not suffice to create a genuine issue. There must be more than a "scintilla of evidence," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 [106 S.Ct. 2505, 2512, 91 L.Ed.2d 202] (1986), and more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 [106 S.Ct. 1348, 1356, 89 L.Ed.2d 538] (1986).

*Id.* 902 F.2d at 178. *See Bay v. Times Mirror Magazines, Inc.,* 936 F.2d 112, 116 (2d Cir.1991) ("where the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim"); *Howard v. Gleason Corp.,* 901 F.2d 1154, 1159 (2d Cir.1990) ("summary judgment cannot be avoided by immaterial factual disputes"); *Fetterusso v. State of New York,* 898 F.2d 322, 328 (2d Cir.1990) (failure "to submit affidavits or indeed to point to any evidence").

Finally, in *pro se* cases, "special solicitude should be afforded *pro se* litigants generally, when confronted with motions for summary judgment." *Graham v. Lewinski,* 848 F.2d 342, 344 (2d Cir.1988). When the *pro se* plaintiff is unaware of the requirement of Rule 56(e) that he or she must file affidavits which show a genuine issue of fact, it is "inequitable, without a more explicit warning," to enter summary judgment against that plaintiff. *Id.* 848 F.2d at 344. In this case, plaintiff's knowledge of the requirements of Rule 56(e) is conclusively established by his timely response to defendants' summary judgment motion. Plaintiff was thus fully aware of his obligations under Rule 56.

Plaintiff alleges that defendant improperly taxed him because he is a non-resident alien and that, based on his non-resident alien status, he is not the proper subject of a substitute tax return. Plaintiff's Response to Defendant's Motion for Summary Judgment, pp. 1–2 (docket entry # 7). Plaintiff cites 26

U.S.C. § 7701(b)(1)(B) [1] in support of his contention that he is a non-resident alien, and thus not liable for the payment of income taxes. Immediately following this citation, however, plaintiff states that he is both "a citizen of the State of New York and a citizen of the ... United States." *Id.* at ¶ 4. I find that plaintiff's assertion that he is a non-resident alien is groundless.

With respect to the issue of the substitute tax return,

> [t]he United States is permitted to prepare and file substitute returns for an individual who has failed to do so. 26 U.S.C. § 6020(b). Such returns are good and sufficient for all legal purposes. 26 U.S.C. § 6020(b)(2).

*Brewer v. United States*, 764 F.Supp. at 315.[2] The certificates, submitted by both parties in support of various motions, clearly show that the IRS followed proper procedures. The first entry on each certificate shows that the IRS prepared a substitute tax return on behalf of the plaintiff for each relevant tax year. And each substitute return entry shows that the plaintiff paid no income taxes in each of those years. Because the plaintiff paid no income taxes for these years, the substitute returns were properly used as the basis upon which to determine plaintiff's deficiencies for the income taxes he failed to pay in those years. Moreover, it is undisputed that the plaintiff failed to file tax returns for the 1986–88 income tax years. Plaintiff's allegations that the assessments were procedurally improper because 1) he is a non-resident alien and 2)

the assessments were based on substitute tax returns are thus without merit.

■ I also find, despite his claim to the contrary, that by bringing these particular claims, the plaintiff is indeed challenging the validity of the underlying tax assessments. This type of challenge is improper under 28 U.S.C. § 2410. As discussed above, this section "permits a party to challenge procedural irregularities in the assessment process." *Johnson v. United States*, 990 F.2d at 42. "A procedural claim is one which does not challenge 'the existence or extent of substantive tax liability.'" *Id.* (quoting *Guthrie v. Sawyer*, 970 F.2d at 736). See *Kulawy v. United States*, 917 F.2d at 733 (§ 2410 "does not authorize a taxpayer to challenge an IRS assessment of his tax liability"); *Schmidt v. King*, 913 F.2d at 839 (the taxpayer is not permitted to mount a "collateral attack on the merits of the tax assessment" and may only "challenge[ ] the procedural regularity of the tax lien and the procedures used to enforce the lien").

■ Thus, the only remaining allegation for this court to consider is whether the government followed regular procedures up to the time it filed the lien against the plaintiff's property. Specifically, plaintiff contends that, prior to filing the lien against his property, "defendant failed to complete a proper assessment by neglecting to send [him] a 'Notice and Demand for Tax' as required by 26 C.F.R. Section 6303." Response to Answer, ¶ 2.[3] Notwithstanding these assertions, plaintiff does not contest any portion of the defendant's Statement of

---

1. "An individual is a nonresident alien if such individual is neither a citizen of the United States nor a resident of the United States (within the meaning of subparagraph A)." 26 U.S.C. § 7701(b)(1)(B). Subparagraph (A) defines a resident "alien individual." Plaintiff has submitted no proof demonstrating that he is neither a citizen nor a resident of the United States.

2. The IRS is not required to prepare a substitute return. *Schiff v. United States*, 919 F.2d 830, 832 (2d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2871, 115 L.Ed.2d 1037 (1991); *Geiselman v. United States*, 961 F.2d 1, 5 (1st Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 261, 121 L.Ed.2d 191 (1992).

3. It is unclear from plaintiff's papers which particular notices he alleges he did not receive. For

example, in a request made pursuant to the Federal Freedom of Information Act, he requests copies of the notice and demand for taxes as shown on the Certificate dated September 18, 1991. However, in the same sentence, he also requests copies of these notices for the years 1982 through 1987. See Exh. B, attached to Response to Answer. Because of this confusion, I am assuming that the plaintiff takes issue with the IRS' procedures underlying each assessment, and will treat the alleged failure to send the plaintiff copies of the notices and demands in a collective manner, as did the defendant in its responses to plaintiff's claims. See, e.g., defendant's Memorandum in Support of its Motion to Dismiss, p. 3.

Undisputed Material Facts, submitted in support of its motion for summary judgment. This document sets forth the history of tax assessments made against the plaintiff for the years 1986–88 and states that notices and demands for payment were sent to the plaintiff.

> When a party has moved for summary judgment on the basis of asserted facts supported as required by Fed.R.Civ.P. 56(e) and has ... served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party.

*Glazer Formica Corp.*, 964 F.2d 149, 154 (2d Cir.1992). It is clear that "there [are] no genuine issues as to any material fact." Fed. R.Civ.P. 56(c).

The law in this case is well-settled. There are certain procedures the government must follow when levying on a taxpayer's property in order to collect unpaid taxes from the taxpayer. The district court in *Brewer v. United States, supra,* succinctly stated these procedures:

> In order to place a lien against property, the IRS must make a valid assessment of taxes pursuant to 26 U.S.C. § 6203. After this assessment is made, the IRS must send a § 6212 "Notice of Deficiency" to the taxpayer. Then the IRS must provide a "Notice and Demand for payment" of the assessed tax as required by § 6303(a). Only after full compliance with these procedures, may the IRS take a lien on the delinquent taxpayer's property.

*Id.* 764 F.Supp. at 315.

Regarding the validity of the IRS' assessment pursuant to 26 U.S.C. § 6203,[4] defendant argues that it complied with this statute when it supplied plaintiff with the Certificates of Assessments and Payments, or Form 4340s.[5] These certificates "are considered

sufficient documentation that procedures were followed correctly in making the statutory required assessments." *Id.* The Form 4340s "constitute proof of the fact that the assessments actually were made," *Hughes v. United States,* 953 F.2d at 535, and "[i]f a taxpayer does not present evidence indicating to the contrary, a district court may properly rely on the forms to conclude that valid assessments were made." *Guthrie v. Sawyer,* 970 F.2d at 737–738. *See Gentry v. United States,* 962 F.2d at 557 ("Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made"); *Geiselman v. United States,* 961 F.2d at 6 ("Certificates of Assessments and Payments are routinely used to prove that tax assessment has in fact been made [and] are presumptive proof of a valid assessment") (quotations and citations omitted); *Brewer v. United States,* 764 F.Supp. at 315 & 318 (Certificates of Assessments and Payments "are considered sufficient documentation that procedures were followed correctly in making the statutory required assessments" and "courts have [consistently] held that Form 4340 is self-authenticating") (collecting cases). The government has thus met its burden in proving that proper and valid assessments were made pursuant to 26 U.S.C. § 6203. Hence the plaintiff's "argument that those forms do not establish a procedurally proper assessment is without legal support." *Guthrie v. Sawyer,* 970 F.2d at 737.

Plaintiff does not assert that he did not receive notices of deficiency pursuant to 26 U.S.C. § 6212. He does assert, however, that he failed to receive the notices and demands for taxes, required by 26 U.S.C. § 6303(a). The Internal Revenue Code provides that the notice sent "to each person liable for the unpaid tax [shall] stat[e] the amount and demand[ ] payment thereof," 26

---

**4.** The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment.
26 U.S.C. § 6203.

**5.** Defendant submitted certified copies of the Certificates in support of its motion to dismiss or for summary judgment. *See* Exh. A–C. The plaintiff also submitted a copy of the Certificate for the 1987 tax year in support of his motion to compel. *See Exh. A.*

U.S.C. § 6303(a), but "[t]he form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a)." *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990) (quoted in *Hughes v. United States*, 953 F.2d at 536). Because plaintiff does not dispute the amount of the assessment, his argument can only be construed to mean that he takes issue with the "demand thereof" portion of the notice.

This issue was addressed by the Second Circuit in *United States v. Lorson Electric Co.*, 480 F.2d 554 (2d Cir.1973). In that case, the taxpayer argued that, although the recitations in Form 899s (the precursor to Form 4340) that "1st Notices" were sent to the taxpayer on specified dates "might constitute proof that the notice[s] required by section 6303(a) [were] sent to the taxpayer, they [were] insufficient to evidence the equally critical making of a demand." *Id.* 480 F.2d at 555. The court found this argument "exalt[ed] form over substance" and held that "the language of section 6303(a) shows that notice and demand are inextricably coupled. If Form 899 is competent to show that notice was sent, it seems entirely proper to infer, ..., that such notice included a demand for payment as a matter of course." *Id.* 480 F.2d at 555–56. This was recently restated by the First Circuit in *Geiselman v. United States, supra*, where it held that "[t]he Certificates of Assessments and Payments, which listed "First Notice" dates for each assessment, also constituted presumptive proof that the IRS gave notice of the assessments and made demands for payment from [the taxpayer]." *Id.* 961 F.2d at 6. I therefore find that the Certificates (Form 4340s), submitted by the government, show "presumptively correct tax assessments, which [presumption] the [plaintiff] failed to rebut." *Guthrie v. Sawyer*, 970 F.2d at 737.

One final point deserves mention. The defendant apparently believes that the plaintiff is also claiming that the IRS failed to give him proper notice of its intent to levy. Memorandum in Support of Motion to Dismiss, at p. 3. At oral argument, however, the plaintiff admitted that he received the notice of intent to levy on his property. In a similar case where the plaintiff conceded his receipt of a final notice of intent to levy, the court found that, in light of this admission, and because the plaintiff "came forward with no evidence to dispute the government's proof that it had followed the statutory procedures before levying on his property, the district court properly granted summary judgment in favor of the government." *McCarty v. United States*, 929 F.2d 1085, 1089 (5th Cir.1991).

### III. *Conclusion*

Plaintiff's motion to compel is denied and his complaint is dismissed with prejudice. Defendant's motion for summary judgment is granted.

SO ORDERED.