DeFelice v. IRS                    CV-95-341-JD  09/15/95

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Stephen DeFelice, d/b/a DeFelice
Trucking, et al.

        v.                                Civil No. 95-341-JD

Commissioner, Internal
Revenue Service


O R D E R


The plaintiffs, Stephen DeFelice, d/b/a DeFelice Trucking, and Stephen and Virginia DeFelice, bring this action against the defendant, the Commissioner of the Internal Revenue Service ("IRS"), to enjoin collection of the plaintiffs' tax liability. On August 31, 1995, the court conducted a hearing on the plaintiffs' Verified Complaint for Preliminary Restraining Order ("Complaint"). Before the court is the United States' Motion to Dismiss ("Defendant's Motion") for lack of jurisdiction under 26 U.S.C. § 7421(a) (document no. 3).


Background

The following facts are not in dispute or have been alleged by the plaintiffs.

In 1987, the plaintiffs sought an offer in compromise with the IRS to satisfy personal tax liabilities for the years 1977, 1979, 1980, and 1981, and payroll tax liabilities for

approximately the same period. Complaint at ¶ 7. The offer in compromise consisted of a cash deposit in the amount of $80,000. Id. In or about August 1987, the plaintiffs made the $80,000 deposit, which the IRS placed in a non-interest bearing escrow account. Id. at ¶ 29.

During September and October 1987, the plaintiffs received Certificate(s) of Release of Federal Tax Lien, identified by the IRS as form 668(z), that had been filed against the plaintiffs' personal residence and business assets for purposes of satisfying their tax liability. Complaint at ¶¶ 9-27. At the time, the plaintiffs believed their receipt of the certificates of release signified that the IRS had accepted the offer in compromise. Id. at ¶ 23. The plaintiffs further assert that the revenue officer who handled their case in 1987 had assured them that the offer in compromise would be accepted by the IRS. Id. at ¶ 8. However, the plaintiffs acknowledge that they have never received written acceptance of the offer in compromise they submitted in 1987.

In 1990, the plaintiffs learned that the revenue officer in charge of their case in 1987 had died and that another revenue officer, Charles Arcidiacono, had been assigned to the case. Complaint at ¶ 23. Arcidiacono assured them that the 1987 offer in compromise had been accepted. Id. at ¶ 23. However, in early 1991, Arcidiacono informed the plaintiffs that the original offer

in compromise had not been approved.  <u>Id.</u> at ¶ 24.  Likewise, the IRS did not accept subsequent offers in compromise submitted by the plaintiffs as attempts to satisfy the original tax liability and those additional liabilities which had accrued since 1987.  <u>Id.</u> at ¶¶ 25-28.

In April 1994, the plaintiffs withdrew the offer in compromise and authorized the IRS to apply the $80,000 deposit to their existing tax liability.  Complaint at ¶ 31.  By this time, the $80,000 deposit was substantially less than the plaintiffs' tax burden, in part because the tax liability had accrued interest and penalties from the date of origin, but the $80,000 deposit had not earned interest.  <u>Id.</u>

## Discussion

In its motion, the defendant asserts that the court lacks subject matter jurisdiction to entertain this action.  Specifically, the defendant argues that 26 U.S.C. § 7421(a) jurisdictionally bars the court from hearing an action to enjoin its collection of an outstanding tax debt.  Defendant's Motion at 3.

The plaintiffs respond that the circumstances of their case are sufficiently special, extraordinary, and exceptional to invoke a judicial exception to the statutory bar on jurisdiction.  Complaint at ¶ 2.

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) challenges the statutory or constitutional power of the court to adjudicate a particular case. 2A James William Moore et al., Moore's Federal Practice ¶ 12.07 (2d ed. 1994). The court assumes the truthfulness of the facts concerning jurisdiction as alleged by the pleading, and the case may be dismissed only if the plaintiffs fail to allege an element necessary for jurisdiction to exist. Id.; see Garita Hotel Ltd. Partnership v. Ponce Federal Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992) (court takes factual allegations in complaint as true, indulges every reasonable inference helpful to the plaintiff's cause); Palumbo v. Roberti, 834 F. Supp. 46, 51 (D. Mass. 1993) ("court is required to view the facts in plaintiff's favor although the burden of persuasion as to jurisdiction rests with the plaintiff"). However, the court is not required to adopt the legal conclusions alleged by the plaintiffs. See Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989) ("only when such conclusions are logically compelled, or at least supported by the stated facts . . . that `conclusions' become `facts' for pleading purposes").

The parties agree that the court's ability to assert jurisdiction is controlled by the Anti-Injunction Act, 26 U.S.C. § 7421(a). See Complaint and Defendant's Motion. The act

4

provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C.A. § 7421(a) (West 1989).[1] The

> manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund.  In this manner the United States is assured of prompt collection of its lawful revenue.

Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).

However, the Supreme Court has created an exception to § 7421(a)'s bar on the court's subject matter jurisdiction in those cases which present extraordinary and exceptional circumstances.  See Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509-510 (1932).  The judicially created exception requires the party seeking to invoke the court's jurisdiction to demonstrate that:

> 1)  there is clear evidence that the government cannot prevail in the collection action; and

> 2)  equity jurisdiction otherwise exists, i.e., the taxpayer shows that he would otherwise suffer

---

[1]The statute specifically enumerates certain exceptions to the jurisdictional bar.  See § 7421(a) (providing the following statutory exceptions: 26 U.S.C. §§ 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1) and 7429(b)).  The plaintiffs have not sought to invoke any of these statutory exceptions.  See Complaint.

irreparable injury.

Brewer v. United States, 764 F. Supp. 309, 312 (S.D.N.Y. 1991) (citing Enochs, 370 U.S. at 7).

The first element of the judicially created exception requires the court to determine whether

> the Government has a chance of ultimately prevailing . . . on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the Complaint must be dismissed.

Enochs, 370 U.S. at 7.

The second element requires the party seeking to invoke the court's jurisdiction to demonstrate that it will suffer irreparable harm if the requested injunctive relief is denied. The courts have set a high standard for this element, noting that "injunctive relief is not available simply because collection of the taxes would cause an irreparable injury such as financial ruination." Brewer, 764 F. Supp. at 312 (citing Enochs, 370 U.S. at 6).

The plaintiffs assert that the government should be bound by the original offer in compromise of $80,000 as full satisfaction of those tax liabilities existing at the close of 1987, including accrued interest and penalties. The plaintiffs argue that receipt of the certificates of release demonstrates that the IRS

6

accepted the original offer in compromise or, in the alternative, that the plaintiffs reasonably believed that the offer in compromise had been accepted and, based on this reliance, the plaintiffs did not pursue the matter further until contacted by the IRS in 1990.

A certificate of release is conclusive that the lien referred to in the certificate is extinguished. 26 U.S.C.A. § 6325(f)(1)(A) (West 1989). However, if the Secretary of the Treasury ("Secretary") determines that a certificate of release was issued erroneously or improvidently, . . . the Secretary may revoke the certificate and reinstate the lien. 26 U.S.C.A. § 6325(f)(2). In addition, § 7121(a) provides that "[t]he Secretary is authorized to enter into an agreement in writing with any person relating to the liability of such person . . . in respect of any internal revenue tax for any taxable period." 26 U.S.C.A. § 7121(a) (West 1989).

In this case, the IRS reinstated the liens upon realizing that the liens had been erroneously released. The court finds that the reinstatement was proper given the undisputed fact that the offer in compromise was never accepted in writing by the Secretary. Moreover, by withdrawing their offer in compromise and applying the $80,000 deposit against outstanding tax liabilities, the plaintiffs acknowledged that the offer had not

7

been accepted.

The plaintiffs have failed to satisfy either of the elements required for the court to exercise jurisdiction under Enochs. The plaintiffs have not satisfied the first element of the test as they have not presented clear evidence that the government would be unable to prevail in this collection action. Furthermore, because the plaintiffs never received written acceptance of the offer in compromise, it is unlikely that they could prevail in a lawsuit on the merits.

Likewise, the plaintiffs have not demonstrated that they will suffer irreparable harm if the requested relief is not granted. Specifically, the plaintiffs argue that collection "would lead to the imminent destruction of Plaintiff's business [and] would ruin Plaintiffs financially . . . ." Complaint at ¶ 44. Given the Supreme Court's ruling in Enochs that financial ruin does not constitute irreparable harm for purposes of invoking the judicial exception to § 7421(a), the court finds that the plaintiffs have not satisfied the second element of the test. In any event, the plaintiffs are not without an adequate remedy at law. The plaintiffs can pay the tax, pursue an administrative claim before the IRS and, if they do not prevail at the administrative level, then may file a lawsuit in federal court. See 28 U.S.C.A. § 1346(a)(1) (West 1993).

8

The court rules that the plaintiffs have failed to satisfy both of the elements necessary to invoke the <u>Enochs</u> exception and therefore have not overcome the jurisdictional bar of § 7421(a). The court lacks subject matter jurisdiction to entertain this action. Given the lack of jurisdiction, the court need not rule on the plaintiffs' motion for preliminary restraining order and permanent injunction (document no. 1).

<u>Conclusion</u>

The court lacks jurisdiction to entertain this action. The defendant's motion to dismiss (document no. 3) is granted and the clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

September 15, 1995

cc:  Mary Notaris, Esquire
     Scott H. Harris, Esquire
     Gretchen Leah Witt, Esquire

9