**UNITED STATES of America, Plaintiff,**

v.

**Lawrence M. KAIGLER and Patsy D. Kaigler, Defendants.**

**No. 1:99CV1345.**

United States District Court, N.D. Ohio, Eastern Division.

May 31, 2000.

---

Annette G. Butler, Office of the U.S. Attorney, Cleveland, OH, Joseph L. Meadows, Department of Justice—Tax Division, Washington, DC, for United States of America, plaintiff.

Lawrence M. Kaigler, Bratenahl Village, OH, for defendants.

Annette G. Butler, Office of the U.S. Attorney, Cleveland, OH, Joseph L. Meadows, Department of Justice—Tax Division,

Washington, DC, for United States of America, counter-defendant.

## MEMORANDUM OF OPINION AND ORDER RE: GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

MATIA, Chief Judge.

The within matter is before the Court on plaintiff's uncontested motion to dismiss counterclaim (Doc. 18). After thoroughly considering plaintiff's memorandum, the Court will *GRANT* the motion to dismiss the counterclaim.

### I. Background

Briefly stated, the United States filed this action to reduce tax assessments to judgment against defendants Lawrence and Patsy Kaigler. Contemporaneous with this suit, the Internal Revenue Service ("IRS") obtained a tax lien on foreclosed property owned at one time by Lawrence Kaigler. When that property sold via sheriff's sale, the IRS seized funds sufficient to cover all of the Kaiglers' back taxes. Having obviated the need to adjudicate the assessments, the United States proposed voluntarily dismissing this case.

Standing in the way, however, is defendants' counterclaim. In their answer, the Kaiglers set forth a claim charging IRS "delegate Pennington" with "bad faith to defendants in inducing cooperation with subsequent filing and judgment all to defendants' damages." (Answer (Doc. 9) at 3.) The claim does not cite any specific statutory violations by the IRS or its agents. Instead, the Kaiglers discuss the alleged misdeeds of "delegate Pennington," forcing the Court to presume that they intend the United States to answer for the officer's actions.[1]

### II. Discussion

When bringing claims against the Federal Government, claimants must show

---

1. Defendants' counterclaim cannot be read as pleading a constitutional claim against the United States or "delegate Pennington" individually under *Bivens v. Six Unknown Named*

*Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Fishburn v. Brown*, 125 F.3d 979, 982–83 (6th Cir.1997).

an *explicit* waiver of sovereign immunity. *See Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) ("Federal Government's sovereign immunity must be unequivocally expressed in statutory text"). In other words, the party bringing a cause of action against the United States must show that Congress has expressly consented to the suit. *United States v. Mitchell*, 445 U.S. 535, 536, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) ("[t]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit").

■ A general waiver of immunity cannot be implied from an ill-defined claim. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The absence of Congressional consent to a suit is a fundamental, jurisdictional defect that can be raised at any time. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, the threshold issue in this case is whether the Kaiglers plead a claim where the United States consented to be sued. If not, then the Court has no choice but to dismiss the counterclaim.

Not surprisingly, the United States contends that the Kaiglers "do not demonstrate that the United States has waived its sovereign immunity to any claims set forth in the counterclaim." (Mot.Dismiss.Countercl. (Doc. 18) at 2.) The United States urges that sovereign immunity bars this Court's jurisdiction, and as such, the case should be dismissed. Alternatively, the United States argues that the counterclaim fails even when stretched to fit statutory provisions expressly waiving sovereign immunity. Either route, according to the government, leads to the same conclusion—dismissing the counterclaim pursuant to Fed.R.Civ.P. 12(b)(6).

■ The Court agrees with the United States and concludes that defendants' counterclaim must be dismissed. To avoid belaboring the issue, the Court adopts the reasoning in the United States' motion. Simply put, the counterclaim does not fall into a statutory exception to the United States' sovereign immunity. The Kaiglers fail to identify any specific statute waiving sovereign immunity, and the Court cannot freely imply an exception. Absent this express waiver of immunity, the Court is hard-pressed to attach jurisdiction.

Even stretching to reconcile the counterclaim with the most analogous statute, the Court is left with no choice but to dismiss the action. Although the Kaiglers do not cite authority supporting their claim, the Court concludes that the defendants' claim is likely based on 26 U.S.C. § 7433. Taxpayers have a cause of action under § 7433 if "any officer of the Internal Revenue Service recklessly or intentionally disregards any provision of this title" in conjunction with the collection of federal taxes. Given Pennington's position as an IRS officer, defendants' claim against "delegate Pennington" for bad faith could be construed as an attempt to sue under § 7433. Unfortunately for defendants, § 7433 requires two key elements lacking in the counterclaim: [1] an IRS officer violating a statutory provision or regulation in the course of collecting a tax debt, and [2] a timely claim filed within 2 years of the alleged misconduct.

First, defendants fail to cite any statute or regulation that was recklessly or intentionally violated by Pennington. Section 7433 plainly states that a cause of action under that provision must be founded on a violation of statute or IRS regulation. The Kaiglers' claim, however, fails to mention any specific codes violated by IRS Officer Pennington. Instead, the Kaiglers make sweeping charges regarding Pennington's misconduct and "bad faith."[2] While the

**2.** Defendants argue that they cooperated with the IRS and made other concessions "in reliance" on Pennington's "promises and assur-ances" that a federal lien would not be taken. Nowhere do the Kaiglers offer any specific allegations of these assurances and promises.

IRS is clearly bound to collect taxes in a manner consistent with statutes and regulations, the Court cannot go beyond those authorities to manufacture a cause of action for "bad faith." Notwithstanding the Kaiglers obvious dissatisfaction in dealing with the IRS, the Court is simply devoid of any jurisdiction to hear a claim under § 7433 when no statute or regulation has been violated.

Second, even if the IRS violated the tax code, the Kaiglers filed the counterclaim beyond the time permitted by the statute. Section 7433(d)(3) reads "an action to enforce liability created under this section ... may be brought only within 2 years after the date the right of action accrues." As to the timing of the alleged violation in the case at bar, the counterclaim is less than precise. The Kaiglers only indicate that the alleged harm occurred "during the time of notices and demands for payment." As the record shows, the "notices and demands for payment," including those from the most recent assessment in 1996, are dated more than two years prior to the counterclaim.[3] Thus, even if a statutory violation occurred in collecting the Kaiglers' tax debts, their claim is clearly time barred under § 7433(d)(3).

### III. Conclusion

For the foregoing reasons, the Court concludes that defendants fail to state a claim upon which relief can be granted. Accordingly, the Court *GRANTS* plaintiff's motion to dismiss the counterclaim pursuant to Fed.R.Civ.P. 12(b)(6).

IT IS SO ORDERED.

Moreover, a tax lien filed in accord with the tax code cannot be "bad faith" on the part of officer Pennington.

3. The United States attached the Certificates of Assessments and Payments for the tax years at issue to its motion to dismiss. The dates of those documents are established by the term "First Notice" listed in the Certificates for each tax year. *See United States v. Lorson*, 480 F.2d 554, 555–6 (2nd Cir.1973). Those documents show that the Kaiglers' cause of action, if any, first accrued on June 12, 1989. Even taking the most recent "time

*ORDER OF DISMISSAL*

The Court, having previously filed its Memorandum of Opinion and Order in the above-captioned case, hereby dismisses this case with prejudice. Each party shall bear its own costs.

IT IS SO ORDERED.

of notices and demands for payment" as the basis for this claim, the Court concludes that a cause of action was time barred as of June 3, 1998 (two years plus the date of the most recent First Notice, June 3, 1996). The Court is cognizant that it may consider the United States' Certificates pursuant to *Yeary v. Goodwill Indus.–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir.1997) (a district court relying on Fed. R.Civ.P. 12(b)(6) can consider matters outside the pleadings if they are used merely to fill in the "contours" of the complaint and adding nothing new).