**UNITED STATES of America,
Plaintiff–Appellee Cross–
Appellant,**

v.

**Jules W. NOBLE, Defendant–Appellant
Cross–Appellee.**

Esther K. Noble;  Great Lakes National
Bank;  Constitutional Church of
America, Defendants.

Nos. 99–2032, 99–2259.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2001.

Before BATCHELDER and CLAY,
Circuit Judges; POLSTER, District
Judge.*

Jules W. Noble, proceeding pro se, ap-
peals a district court order against him in
a tax action filed by the United States
pursuant to 26 U.S.C. §§ 7401 and 7403 to
reduce tax assessments to judgment and
foreclose tax liens upon Noble's property.
The United States has filed a cross-appeal
from the district court's order for judicial
sale of Noble's property.  This case has
been referred to a panel of the court pur-
suant to Rule 34(j)(1), Rules of the Sixth

* The Honorable Dan A. Polster, United States
District Judge for the Northern District of
Ohio, sitting by designation.

Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 17, 1997, the United States of America ("United States" or "government") filed a complaint against Jules W. Noble ("Noble"), Esther K. Noble ("Esther"), Great Lakes National Bank, and the Constitutional Church of America ("CCA"). The complaint sought to reduce to judgment unpaid federal income tax assessments against Noble for the years 1973, 1974, 1975, and 1984; to set aside as fraudulent Noble's conveyance of his interest in certain property located at 169 Honey Lane in Battle Creek, Michigan, which Noble and his wife, Esther, acquired in 1976 and conveyed to CCA in 1977; and to foreclose its federal tax liens upon Noble's interest in the Honey Lane property in order to satisfy Noble's federal tax liabilities. The United States contended that the amount of Noble's outstanding federal tax liabilities was $408,569.06, plus statutory interest and additions.

Great Lakes National Bank was voluntarily dismissed from the action on May 13, 1998, and Esther was dismissed from the suit on June 8, 1999. On July 23, 1998, the district court granted the government's motion for summary judgment as to the amount of the federal tax assessments against Noble and reduced that amount to judgment. Noble's Fed. R.Civ.P. 60(b) motion for relief from judgment was denied on September 29, 1998. A scheduling conference was subsequently held to address the remaining unresolved issues. However, because CCA did not appear through an attorney and Noble failed to attend, the magistrate judge rescheduled the conference and directed CCA to appear through an attorney and Noble to attend. When both CCA and Noble failed to abide by the magistrate judge's order, the magistrate judge filed a report recommending that a default judgment be entered against CCA. On January 13, 1999, the district court adopted the magistrate judge's report and recommendation and entered a default judgment against CCA.

Thereafter, the United States filed a motion for final judgment and order for judicial sale of the Honey Lane property. On June 8, 1999, the district court found that Noble's conveyance of the Honey Lane property to CCA was fraudulent, but sought supplemental briefing on the appropriate distribution of the proceeds from the sale of the property. Following supplemental briefing, the district court ordered the sale of the property, with the proceeds, after expenses, divided equally between the United States and CCA. Both Noble and the government have filed timely appeals. Within his notice of appeal, Noble requests a stay of the sale of the Honey Lane property. The United States has filed motions to strike portions of Noble's opening brief and his cross-appellee brief, to which Noble has responded.

■ The government's motions to strike are granted. Our review of the record indicates that the documents that are the subject of the government's motions were not submitted to the district court and made part of the record below. "This Court will not entertain on appeal factual recitations not presented to the district court any more readily than it will tolerate attempts to enlarge the record itself." *Guarino v. Brookfield Township Trs.,* 980 F.2d 399, 404 (6th Cir.1992).

■ Upon de novo review, we conclude that the district court properly granted summary judgment in favor of the United States and reduced the tax assessments to judgment. *See EEOC v. Northwest Airlines, Inc.,* 188 F.3d 695, 701 (6th Cir.1999). The government presented certificates of assessment and payment for

the tax years 1973, 1974, 1975, and 1984, in support of the amount of taxes, interest, and penalties it claimed Noble owed. Certificates of assessment are presumptively correct and enable the government to establish a prima facie case of tax liability. *Gentry v. United States,* 962 F.2d 555, 557 (6th Cir.1992); *United States v. Walton,* 909 F.2d 915, 918–19 (6th Cir.1990). The burden is on the taxpayer to produce evidence to the contrary. *Walton,* 909 F.2d at 918–19. Noble submitted no evidence to refute the government's position. Instead, Noble merely asserted various arguments as to why he is not liable for payment of the alleged taxes owed. All of Noble's arguments, however, are frivolous. In addition, we find no merit to Noble's claim that summary judgment was prematurely granted in favor of the government because he did not have an adequate opportunity for discovery.

■ We further conclude that the district court properly concluded that the proceeds from the sale of the Honey Lane property, after expenses, should be divided equally between the United States and CCA. Because the government sought to collect unpaid federal income taxes from Noble's interest in the property, the government and CCA are equally entitled to the proceeds from the sale of the property, as CCA still holds title to the property subject to the rights of the government, as Noble's creditor. Mich. Comp. Laws Ann. § 552.102 (West Group 2000); *Brownell Realty, Inc. v. Kelly,* 103 Mich.App. 690, 303 N.W.2d 871, 875 (Mich.Ct.App.1981). The government's alter ego and nominee theories do not compel a different result, as the government may only proceed against Noble's interest in the property. The default judgment against CCA did not establish that Noble's interest included CCA's interest because the default judgment concerned fraudulent conveyance,

not CCA's alter ego or nominee status. Thus, the remaining one-half interest belongs to CCA as a result of Noble and Esther's conveyance of the property to CCA. *See* Mich. Comp. Laws Ann. § 552.102; *Brownell Realty,* 303 N.W.2d at 875.

Accordingly, the government's motions to strike are granted, the district court's orders are affirmed, and Noble's motion to stay is denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.