# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3710

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| William E. Downing; Billie Jane | * | Northern District of Iowa. |
| Downing, | * | |
| | * | [UNPUBLISHED] |
| Appellants, | * | |
| | * | |
| Community First National Bank, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: May 2, 2003
Filed: May 7, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

In March 1998 the Internal Revenue Service (IRS) made federal tax assessments against William Downing for the tax years 1992, 1993, 1994, and 1995. Despite notice and demand for payment, he failed to pay the assessments. Notices of federal tax liens were filed in Winnesheik County, Iowa, in September 1999. In March 2001 the United States brought an action to reduce to judgment the federal tax

assessments against him and to enforce the federal tax liens against Iowa property owned jointly by William and Billie Jane Downing and subject to a mortgage held by defendant Community First National Bank. The district court[1] granted summary judgment to the United States and ordered the sale of the property. The Downings appeal.

The record supports that proper tax assessments were made. The IRS assembled all income information reported for William on Forms 1099, which showed he received wages, payments, compensation, and other income in the tax years from 1992 to 1995. See Palmer v. IRS, 116 F.3d 1309, 1313 (9th Cir. 1997) (assessments are entitled to presumption of correctness so long as they are supported by minimal evidentiary foundation). Certified copies of Certificates of Assessment and Payments showed William's tax deficiency and the issuance of notice. See Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992) (certificates are sufficient proof, in absence of contrary evidence, of adequacy and propriety of notices and assessments).

The record also supports that the United States was entitled to enforce its tax liens against the Iowa property. William owned the property as a joint tenant at the time the tax liens were filed, and the United States named William, Billie Jane, and Community First National Bank as defendants in its enforcement action. See 26 U.S.C. § 6321 (tax lien against delinquent taxpayer's property); § 7403(a) (enforcement of tax lien), (b) and (c) (requiring joinder of all interested parties and distribution of proceeds from sale of property according to findings of court with respect to interests of parties and United States). The district court was empowered to subject the entire property to sale. See United States v. Rodgers, 461 U.S. 677, 700-01 (1983) (recognizing authority of government to sell jointly held property,

---

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas, sitting by designation in the Northern District of Iowa.

-2-

even where property is homestead of non-delinquent spouse; § 7403 empowers court to subject entire property in which delinquent taxpayer has interest to forced sale). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.