T.C. Summary Opinion 2009-125

UNITED STATES TAX COURT

JODY LYNN HARPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18931-07S.               Filed August 5, 2009.

Jody Lynn Harper, pro se.

<u>Shirley M. Francis</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code.

The petition was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). Petitioner seeks review of respondent's determination to sustain the proposed levy action relating to her unpaid tax liability for 1999.

Petitioner does not dispute the underlying tax liability for 1999. The issue for decision is whether it was an abuse of discretion for respondent to deny petitioner's request for relief from joint and several liability under section 6015.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in Oregon.

Petitioner and her former husband, Richard Lewis Fisher III, filed a joint Federal income tax return for 1999. Respondent assessed the 1999 tax liability against petitioner and her former husband.[1]

In December 2004 petitioner filed a Form 8857, Request for Innocent Spouse Relief, under section 6015 for 1999.[2]

---

[1]Petitioner and her former husband divorced in 2001.

[2]Petitioner sought review of respondent's determinations for 1998 and 1999. Because petitioner did not timely file a request for a sec. 6330 hearing for 1998, she was issued a decision letter rather than a notice of determination. See sec. 301.6330-
(continued...)

On December 29, 2005, respondent issued a Notice of Determination Concerning Your Request for Relief from Joint and Several Liability under Section 6015 (final notice of determination), denying petitioner's request for relief under section 6015(b), (c), and (f).  Petitioner did not file a petition with the Court challenging respondent's final notice of determination.

On November 23, 2006, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to her unpaid tax liability for 1999.

On December 17, 2006, petitioner submitted to respondent Form 12153, Request for a Collection Due Process Hearing under section 6330 (section 6330 hearing), asserting that she had previously requested relief from joint and several liability and that she should be liable for only half of the unpaid tax.

On May 25, 2007, the Appeals officer sent petitioner a letter acknowledging receipt of her Form 12153 and informing her that a telephone section 6330 hearing was scheduled for June 21, 2007.  The letter stated, in part, that "This call will be your primary opportunity to discuss with me the reasons you disagree with the collection action and/or discuss alternatives to the collection action."  Additionally, respondent's letter stated:

---

[2](...continued)
1(i), Proced. & Admin. Regs.  Therefore, the only year at issue before the Court is 1999.

"We may also consider whether you owe the amount due, but <u>only if</u> you have not otherwise had an opportunity to dispute it with Appeals or did not receive a statutory notice of deficiency."

On June 21, 2007, a telephone section 6330 hearing was held. During the telephone hearing, petitioner did not dispute owing the unpaid tax liability for 1999 but rather reasserted that she only "wants to pay half" of the liability.

On July 25, 2007, respondent issued the notice of determination sustaining the proposed levy action.

<u>Discussion</u>

Under section 6330(a), a taxpayer is entitled to notice and opportunity for a hearing before levy action is taken by the Commissioner in the process of collecting unpaid Federal taxes. When conducting a section 6330 hearing, the Appeals officer is required to:  (1) Obtain verification from the Secretary that the requirements of applicable law and administrative procedure have been met; (2) consider certain issues raised by the taxpayer such as collection alternatives; and (3) consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Sec. 6330(c).

When the validity of the underlying tax liability is not at issue, the Court reviews the Appeals officer's determination

under the abuse of discretion standard.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).  An abuse of discretion occurs when an Appeals officer takes action that is arbitrary, capricious, or without sound basis in fact or law.  See <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Section 6330(c) prescribes the matters that a taxpayer may raise at a section 6330 hearing.  Under section 6330(c)(2)(A), the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy including:  (1) Appropriate spousal defenses; (2) challenges to the appropriateness of collection actions; and (3) offers of collection alternatives.  Section 6330(c)(4), however, precludes a taxpayer from raising an issue at a section 6330 hearing if the issue was raised and considered at a previous administrative or judicial proceeding and the taxpayer participated meaningfully in that proceeding.  Additionally, section 301.6330-1(e)(2) and (3), Q&A-E4, Proced. & Admin. Regs., provides that a "taxpayer may raise any appropriate spousal defenses at a * * * [section 6330] hearing unless the Commissioner has already made a final determination as to spousal defenses in a * * * [final notice of determination]."

On petitioner's Form 12153 she states that she filed a request for "innocent spouse relief", and in her petition she argues that she should be liable for only half of the unpaid

liability for 1999.[3]  Petitioner, nevertheless, admits and respondent contends that a final notice of determination denying her request for relief from joint and several liability was issued on December 29, 2005.

The regulations under section 6015 provide that pursuant to section 6015(e), the requesting spouse may petition the Court to review a denial of relief within 90 days after the Commissioner's final notice of determination is mailed.  Sec. 1.6015-7(b), Income Tax Regs.; see also Mora v. Commissioner, 117 T.C. 279 (2001).  Petitioner, however, did not file a petition with the Court challenging respondent's determination within the 90 days of the date of mailing the final notice of determination.  Consequently, the Court does not have jurisdiction to review petitioner's claim for relief from joint and several liability.

Moreover, because petitioner's request for relief from joint and several liability was considered and she received a final notice of determination in a previous administrative proceeding, she is effectively barred from raising her claim for "innocent

---

[3]During the sec. 6330 hearing, petitioner did not file another Form 8857 to request relief from joint and several liability under sec. 6015.  Pursuant to sec. 1.6015-5(b)(1), Income Tax Regs., in order to request relief from joint and several liability, "a requesting spouse must file Form 8857 or other similar statement".  Thus, the requesting spouse is not required to file a Form 8857, but can make a valid election by submitting a similar written statement.  Therefore, the Court construes petitioner's request as one for relief from joint and several liability under sec. 6015.

spouse relief" in the subsequent section 6330 hearing.[4]  See sec. 6330(c)(4).  Thus, the Appeals officer was not required to consider petitioner's request for relief from joint and several liability during the section 6330 hearing.

The Appeals officer verified that all requirements of applicable law and administrative procedure had been met and balanced the need for the efficient collection of taxes with petitioner's legitimate concern that the collection action be no more intrusive than necessary.  See sec. 6330(c)(1), (3)(C); Tufft v. Commissioner, T.C. Memo. 2009-59.  Therefore, the Appeals officer did not abuse her discretion in sustaining the proposed levy against petitioner.

Accordingly, the Court holds that respondent's proposed levy should be sustained.

Other arguments made by the parties and not discussed herein were considered and rejected as irrelevant, without merit, or moot.

To reflect the foregoing,

> Decision will be entered
>
> for respondent.

---

[4]Petitioner does not allege that she did not participate meaningfully in the initial sec. 6015 administrative proceeding.